THE PEOPLE OF THE STATE OF NEW YORK, APPEL-LANT, *v.* AARON A. De GRAUW AND OTHERS, DOING BUSINESS UNDER THE NAME AND STYLE OF THE HEMPSTEAD AND JAMAICA PLANK-ROAD COMPANY, AND OTHERS, RESPONDENTS.

*Turnpike and plank-road companies — illegal reorganization — acts amounting to a dissolution — when the road-bed becomes a public highway.*

In 1852 the Hempstead and Jamaica Plank-Road Company was organized, to exist by the terms of its charter for thirty years from March 11, 1852, and bought all the stock and the turnpike road of a turnpike company, incorporated under a special act of the legislature in 1812, took deeds of its lands and laid a plank-road under the authority of the easement which had been owned by it.

In 1890 the stockholders of the Hempstead and Jamaica Plank-Road Company attempted to reorganize, pursuant to chapter 210 of the Laws of 1847, under the charter of the turnpike company and to collect tolls.

*Held*, that such reorganization was illegal.

That the statute of 1847 had no effect upon the *status* of the turnpike company beyond permitting it to abandon the road taken by the plank-road company.

That after the transaction of 1852 the turnpike company ceased to exist.

That the Laws of 1857 (chap. 643), which amended the act of 1847, did not justify the action of the defendants, as the amending act only applied to such turnpike roads as connected with a plank-road.

In June, 1879, the board of supervisors of Queens county attempted to extend the charter of the plank-road company for thirty additional years.

*Held*, that their action was void because their power so to do had been taken away by chapter 254 of the Laws of 1879.

That when, in 1882, the plank-road company was dissolved by the limitation of its charter its road-bed became a public highway under chapter 780 of the Laws of 1872, and chapter 337 of the Laws of 1881.

APPEAL by plaintiff, the People of the State of New York, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 30th day of June, 1891, dismissing the complaint, with costs, after a trial by the court at the Queens County Circuit.

The complaint in this action alleged, among other things:

*Third.* On information and belief, that the defendants, without being duly incorporated, act as a corporation within the county of Queens and State of New York, under the name and style of the Hempstead and Jamaica Plank-Road Company, and exercise within said county corporate rights, privileges and franchises not granted to them by the law of the State, in that

(*a.*) They exercise jurisdiction as a plank-road company over the public highway leading from the village of Hempstead to the village of Jamaica in said county.

(*b.*) They maintain toll-gates on said public highway.

(*c.*) They levy and collect toll from all persons riding or driving upon said public highway.

And demanded judgment that the defendants and each of them, and their and each of their agents and their servants, be perpetually enjoined and restrained from acting as a plank-road or turnpike corporation, and be perpetually enjoined and restrained from exer-

cising or claiming any jurisdiction or control over the highway leading from the village of Hempstead to the village of Jamaica, in the county of Queens; and be perpetually enjoined and restrained from maintaining toll-gates or toll-houses on said highway, and from levying and collecting tolls from persons using said road, and for the costs and disbursements of this action.

The justice before whom the action was tried found, among other things, substantially as follows:

In the year 1812, and for many years prior thereto, a road leading from the village of Jamaica to the village of Hempstead was a common and public highway.

On March 20, 1812, the Hempstead Turnpike Company was incorporated by chapter 37 of the laws of that year, under the name and style of " The President, Directors and Company of the Hempstead Turnpike Road, to run and operate a turnpike road from the village of Jamaica to the village of Hempstead in perpetuity."

This turnpike company, pursuant to the terms of its charter, and under and by virtue of the general turnpike act of 1807, applied to one of the judges of the Common Pleas of Queens county to acquire, and, under proceedings duly taken, acquired the right to said highway, which it formed into a turnpike.

In the year 1852 the corporation known as " The Hempstead and Jamaica Plank-Road Company" was duly organized to construct a plank-road from the village of Hempstead, in the county of Queens, to the village of Jamaica, in the same county.

Its corporate existence, as fixed by its charter, was to continue for thirty (30) years from March 11, 1852.

The plank-road company in 1852, as a condition of the purchase which it made of the turnpike road, was obliged to, and did, purchase from the stockholders of the turnpike company all of the stock of that company, except the stock of one Platt Willetts, amounting to one hundred and fifty (150) shares; and thereafter said plank-road company, with the consent of the turnpike company, took possession of the road and road-bed of said turnpike company, and laid its plank thereupon, and subsequently, at the request of the plank-road company, two separate deeds were executed by the president and secretary of said turnpike company, as officers of said company, conveying said road-bed.

On the 5th day of May, 1879, a petition was presented to the board of supervisors of Queens county, signed by all the officers of the Hempstead and Jamaica Plank-Road Company, and by over three-fourths ($\frac{3}{4}$) of all the stockholders (which petition was duly verified by its secretary), praying an extension of the charter of said plank-road company for thirty (30) years from the 11th day of March, 1882, under chapter 121 of the Laws of 1878. That, pursuant to said petition and prayer, the said board of supervisors did pass a resolution on the 5th day of June, 1879, a copy of which is submitted as follows, viz.:

"At a regular meeting of the board of supervisors of Queens county, held at the Court-house, Long Island City, on the 5th day of June, 1879. Present — Hon. John M. Clark, Chairman, and all the members of the said board."

The board of supervisors of Queens county do hereby, pursuant to chapter 121 of the Laws of 1878, by a majority vote of all the members elected to said board, being ascertained by taking the yeas and nays, resolve as follows:

### RESOLUTION No. 4.

Section 1. The corporation known as the Hempstead and Jamaica Plank-Road Company, lying within the towns of Hempstead and Jamaica, in the county of Queens, State of New York, is hereby authorized and empowered, pursuant to the provisions of chapter 121 of the Laws of 1878, to continue its corporate existence for a period of thirty (30) years from the 11th day of March, 1882, and by further complying with the provision of said chapter in relation thereto.

Section 2. The clerk of this board shall file and publish this resolution as required by law.

The resolution was filed by the clerk of the board of supervisors in the county clerk's office, as required by law, and certified copies of the papers were made out to be filed with the secretary of State, but by oversight or neglect they were not filed in the secretary of State's office, as required by law.

From March 30, 1882, down to and including August last, the plank-road company defendant in this action continued to operate said highway as a plank-road and maintain toll-houses thereon, and

claimed to be a plank-road company under the name and style of the Hempstead and Jamaica Plank-Road Company, and exercised all the rights, powers and privileges appertaining or belonging to duly incorporated plank-road companies.

A meeting of the stockholders of the plank-road company, and those also claiming to be stockholders in the turnpike company, was called to reorganize and elect directors and officers of the old turnpike company, and, pursuant to the notice of said meeting, the said stockholders met at Hempstead, on the 27th day of August, 1890, and the following proceedings took place, viz. :

"At a meeting of the stockholders of the old turnpike company and of the Hempstead and Jamaica Plank-Road Company, held at the Becar House, in the village of Hempstead, on the 27th day of August, 1890, the following business was transacted, viz. : "

"Rev. Dr. Moore was elected chairman and S. N. Snedeker secretary."

"It was, by unanimous vote, resolved, that as the Hempstead and Jamaica Plank-Road Company, at its organization, purchased and acquired all of the stock of the old Hempstead Turnpike Company, that the said turnpike company be reorganized pursuant to section 10 of the plank-road and turnpike acts, as amended by the Laws of 1857."

"It was further resolved that said turnpike company be known, and shall hereafter conduct its business, under the corporate names of the President and Directors of the Hempstead Turnpike Road, as provided in the original charter of said turnpike company."

"It was further resolved that the capital stock of the turnpike company shall be the same as provided in the original charter."

"It was also further resolved that the stock of the said turnpike company be issued, divided up and distributed to the stockholders of the Hempstead and Jamaica Plank-Road Company, in proportion to the amount of stock held by each in the plank-road company, as ordered and directed by a meeting of the directors and stockholders held in June last. And the secretary and treasurer of the turnpike company are hereby authorized to provide the usual stock or certificate book, and issue to said stockholders the certificates of stock to which they may be entitled, pursuant to this resolution."

"It is also further resolved that the officers of said turnpike com-

pany shall consist of a president, one vice-president, secretary and treasurer, who shall hold office for one year and until their successors shall be appointed. And there shall be a board of directors elected annually, consisting of the same number as provided in the original charter of said turnpike company."

" It was also resolved that said turnpike company shall operate a toll road from Hempstead to the village of Jamaica under the original charter of said turnpike company."

" The stockholders then' proceeded to elect directors of the turnpike company."

That the directors so elected there and then elected all the defendants who have appeared in this action, president, vice-president, secretary and treasurer of said turnpike company, and since that time said road has been run and operated under the directions of said turnpike company as a toll road.

*F. H. Van Vechten*, for the appellant.

*A. N. Weller*, for the respondents.

BARNARD, P. J.:

The legislature, by chapter 37, Laws of 1812, created a corporation known as The Hempstead Turnpike Company, to operate a road between Jamaica and Hempstead. This corporation acquired by condemnation an old road between these two points, and by purchase certain other lands needed to make a good road. Under this charter the turnpike company erected gates and conducted the road according to the provision of its charter until 1852. The legislature had before this date, and in 1847, provided for plank-roads, and such roads at first were very popular. Much was expected from such roads and great powers were given them in respect to taking old roads for the purpose with the assent of the highway authorities and turnpike companies. A plank-road corporation was formed in 1852 to construct and maintain a plank-road between Jamaica village and Hempstead village. The plank-road company was designated in its articles of association as " The Hempstead and Jamaica Plank-Road Company." The general law in respect to plank-road companies (§ 10, chap. 210, Laws of 1847), authorized a turnpike company to abandon a road taken by a plank-road company. The

turnpike company required, as a mode of assent to the making of the plank-road on its road, that the plank-road company should buy all the stock of the turnpike company.. This was done and the turnpike company by its officers transferred the road to the plank-road company. By the terms of the charter the plank-road company was to exist for thirty years, which period expired March 11, 1882. On the 5th of June, 1879, the plank-road company procured the assent of the supervisors of Queens county for an extension of its charter for the period of thirty additional years from March 11, 1882. The supervisors had no power to extend the charter. Such power was given by chapter 135, Laws of 1876, and taken away as to Queens county by chapter 254, Laws of 1879. No question was made as to the validity of the extensions, and the plank-road company continued to operate its road as a plank-road until August 27, 1890. This action was then commenced, and thereupon the stockholders of the plank-road company reorganized under the old turnpike charter and have since operated the road as a toll road. The change was made before this action was commenced, and the question is as to the validity of this reorganization. As has been stated, the plank-road company purchased all the turnpike stock, and by the assignment provision of section 10, chapter 210, Laws of 1847, under which the turnpike was taken, no provision was made as to the *status* of the turnpike corporation beyond permitting such corporation to abandon the road taken by the plank-road. It is impossible to see what the turnpike company kept under the Laws of 1847. The stockholders had sold all its stock and the company had deeded its lands, and by the law it was absolved from its duties under its charter. In 1857, by chapter 643 of the laws of that year, section 10 of the Laws of 1847 was amended, and before the commencement of this action the plank-road company organized itself as a turnpike road under its provision, and has since operated the road as a toll road. The question is whether this is permitted by this amendment. The amendment has no application to the defendant. By it only such turnpike roads as connected with a plank-road were the subject of the amendment. If a turnpike connected with the plank-road, the plank-road corporation could buy its stock and then continue to run it as a turnpike, " pursuant to the charter of such turnpike-road company." On the dissolution of the plank-road the turnpike was

to be represented by stock according to the holding of the list of stockholders. It was not intended by the law to save the rights of the old turnpike company which was taken by the plank-road in 1852. The turnpike had been taken and paid for, and the holding of the stock was only had as a form of assent. The same right to abandon turnpikes where a plank-road was actually constructed and used is preserved in original section 10 of the act of 1847, and its amended condition under the Laws of 1857. When the plank-road was dissolved by its own limitation the road-bed became a public highway under chapter 780, Laws of 1872; chapter 337, Laws of 1881.

The judgment should, therefore, be reversed, and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.